IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                           Criminal No. 3:08CR213

RAYMOND T. HOLLOWAY

## MEMORANDUM OPINION

Raymond T. Holloway, a former[1] federal inmate proceeding pro se, submitted a Motion for Concurrent Sentence Pursuant to 18 U.S.C. § 3584 ("Motion for Concurrent Sentence," ECF No. 67). By Order entered on July 1, 2016, the Court directed the Government to respond to Holloway's Motion for Concurrent Sentence within thirty days. (ECF No. 68, at 1.) By Order entered on April 3, 2017, the Court noted that the Government had yet to respond, and directed the Government to explain its lack of response and respond to the July 1, 2016 Order within fourteen days. (ECF No. 69, at 1.)

On April 6, 2017, the Government filed a Motion for Leave to File Response to Defendant's Motion for a Concurrent Sentence Out of Time ("Motion for Leave to File," ECF No. 70). Counsel

---

[1] Holloway was released on December 2, 2016. (See ECF No. 71-1, at 1.) He is currently incarcerated at Deep Meadow Correctional Center in State Farm, Virginia. See https://vadoc.virginia.gov/offenders/locator/index.aspx (type "Raymond" for "First Name;" "Holloway" for "Last Name;" and then follow "Submit" button). The Court will direct the Clerk to update Holloway's address accordingly.

attached the proposed Response (ECF No. 70-1) and three exhibits (ECF Nos. 70-3 through 70-5). For good cause shown, the Court will grant the Motion for Leave to File (ECF No. 70) and direct the Clerk to file the Response and exhibits (ECF Nos. 70-1 and 70-3 through 70-5) as a separate docket entry in this matter. For the reasons stated below, Holloway's Motion for a Concurrent Sentence (ECF No. 67) will be denied as moot.

## I. PROCEDURAL HISTORY

On March 6, 2008, in the Circuit Court for the County of Henrico, Virginia ("Circuit Court"), Holloway was sentenced to three years of incarceration, with two years, eleven months, and twenty days suspended, for a conviction for possession of a Schedule I or Schedule I substance. (Gov't's Resp. Attach. 3, at 1, ECF No. 70-3.) He was also placed on supervised probation. (Id.)

On May 7, 2008, a grand jury sitting in this this Court charged Holloway with possession with intent to distribute five grams or more of a mixture and substance containing detectable amounts of cocaine base (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and possession of a firearm by a felon (Count Three). (Indictment 1-2, ECF No. 1.) On July 10, 2008, Holloway pled guilty to

2

Counts One and Two. (Plea Agreement ¶ 1, ECF No. 23.) On October 28, 2008, the Court entered judgment and sentenced Holloway to a total of 130 months of incarceration. (J. 2, ECF No. 30.) Specifically, the Court sentenced Holloway to 70 months of imprisonment on Count One, and 60 months of imprisonment, to be served consecutively, on Count Two. (Id.) The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment with respect to the denial of Holloway's motion to suppress. United States v. Holloway, 367 F. App'x 431, 432-34 (4th Cir. 2010).

On March 18, 2009, the Circuit Court revoked Holloway's probation and imposed the suspended sentence of two years, eleven months, and twenty days. (Gov't's Resp. Attach. 4, at 1, ECF No. 70-4.) On August 29, 2013, this Court granted Holloway's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence to 120 months, consisting of 60 months for Count One and 60 months, to be served consecutively, on Count Two. (ECF No. 57, at 1.)

## II. ANALYSIS

In his Motion for a Concurrent Sentence, Holloway requests that the Court amend its judgment, pursuant to 18 U.S.C. § 3584, to state that Holloway's federal sentence shall run concurrently

3

with his probation revocation sentence imposed by the Circuit Court. (Mot. Concurrent Sentence 1-3.) Holloway requests that the Court amend its judgment in this manner so that he can ask the Bureau of Prisons for a nunc pro tunc designation to a state facility to serve the remainder of his federal sentence. (Id. at 3.)

Section 3584 states, in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). The Supreme Court has held that a district court may exercise discretion with respect to ordering whether a federal sentence should run concurrently or consecutively to an anticipated state sentence that has not yet been imposed. Setser v. United States, 566 U.S. 231, 236-37 (2012) (citations omitted).

Holloway's reliance on § 3584, however, is misplaced. "Section 3584 is applicable at the time the Court first imposes

a sentence, not when a defendant is seeking correction of his sentence." United States v. Silliman, No. 3:07-CR-97, 2010 WL 2584197, at *1 (W.D. Ky. June 23, 2010); see Wilson v. United States, 969 F. Supp. 1054, 1057 (E.D. Mich. 1997) (noting that section 3584 "does not provide [a] court with any authority to substantively alter a sentence").

Even if Holloway could rely upon § 3584, his release from federal prison moots his Motion for a Concurrent Sentence. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (quoting Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983)). Given Holloway's release from federal custody, there is no period of federal incarceration that the Court could direct be run concurrently to his state sentence. Cf. United States v. Noyola, 254 F. App'x 317, 318 (5th Cir. 2007) (concluding that because all pending state charges against defendant had been dismissed, his argument "that the district court erred in imposing the federal sentence to run consecutively to any not-yet-imposed state sentence" was rendered moot).

For the foregoing reasons, Holloway's Motion for a Concurrent Sentence (ECF No. 67) will be denied as moot. The Government's Motion for Leave to File (ECF No. 70) will be

granted. The Clerk will be directed to file the Government's Response and exhibits (ECF Nos. 70-1 and 70-3 through 70-5) as a separate docket entry in this matter. The Clerk will also be directed to update the docket to reflect that Holloway is currently incarcerated at Deep Meadow Correctional Center.

The Clerk is directed to send a copy of the Memorandum Opinion to Holloway and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2017
Richmond, Virginia